IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly C. Guimon<br>individually<br>and on behalf of all persons<br>similarly situated<br>as<br>members of the Collective as permitted<br>under the Fair Labor Standards Act and<br>as Class Representative under IMWL;<br><br>Plaintiff,<br>vs.<br>CrossCountry Mortgage LLC.,<br><br><br><br>Defendant | ) <br>) <br>) <br>) CASE NO 23 CV 0013<br>) <br>) <br>) <br>) Honorable District Judge<br>) <br>) <br>) <br>) <br>) <br>) <br>) **JURY TRIAL DEMANDED**<br>) **ON ALL COUNTS**<br>) |

**PLAINTIFF'S
INDIVIDUAL, COLLECTIVE AND CLASS COMPLAINT**

NOW COME the Plaintiff, Kimberly Guimon, individually and on behalf of all others similarly situated, as class representative, by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) and brings this cause of action against Defendant CrossCountry Mortgage LLC., (Hereinafter referred to as "CCM"), in so doing states the following:

**NATURE OF THE ACTION**

1. Plaintiff, Kimberly Guimon alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant,

1

(Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that she, under both federal and state wage laws, is entitled to be paid time and half for all hours worked over forty (40) hours per week at the correct rate of pay which includes all compensation.

2. This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL").

3. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay and a rate of pay to include all compensation.

4. Pursuant to the FLSA and IMWL, Plaintiffs also claim, as individual claims, class and collective claims, that Defendant's payment of the earned bonuses and/or commissions should be included in Plaintiff's payment of overtime wages, as part of the regular rate.

   a. The FLSA defines "regular rate of pay" to include "all remuneration for employment paid to, or on behalf of, the employee," excluding certain types of compensation provided in 29 U.S.C. § 207(e). Nondiscretionary bonuses count as "remuneration" that an employer must include in the regular rate of pay. *See* 29 U.S.C. § 207(e); WHD Opinion Letter FLSA2009-21, 2009 WL 649023, at *1 (Jan. 16, 2009); *see also* 29 U.S.C. § 207(e)(3) (permitting discretionary bonuses to be excluded from the regular rate). A bonus is nondiscretionary if it "is the result of collective bargaining." 29 C.F.R. § 778.211(c).

      b. Defendant's failure to include the bonus and/or commissions in its overtime payments is in violation of the above regulations and DOL letters.

5. Plaintiff, in her individual, class and Collective claims, requests injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

6. Plaintiff seeks injunctive and declaratory relief for the classes non-monetary claims.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

8. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

9. The Court is authorized to issue a declaratory judgment.

10. Venue is proper in this Court.

11. Defendant does business and is a resident of this District and Division of Federal Court.

12. Defendant conducts business in Illinois and other states, thereby engages in Commerce.

13. Plaintiff individually engaged in commerce by doing business of the Defendant in Illinois and other states.

14. Defendant sales exceeds $500,000 per year.

## FACTS REGARDING THE PLAINTIFF

15. Plaintiff Kimberly Guimon, is a resident of the State of Illinois.

## CCM CORPORATE FACTS

16. Defendant CCM is a corporation or business which does business in Illinois.

17. Defendant CCM employs a staff of 520 full time employees at any one time.

18. Defendant has operated at the current Naperville Illinois location for over thirty years, employing hundreds of employees over that period of time, due, in part, to normal "turnover" of employees.

19. Plaintiff estimates that more than 100 employees work for Defendants during the relevant period of time of three years.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

20. Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of CCM who were, are, or will be employed by CCM during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-

half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or were paid at an improper rate of pay for overtime hours and/or did not have Earned Bonuses included in the calculation of the regular rate/overtime rate.

21. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all Laborer employees employed by CCM.

22. Defendants are liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of CCM who have been denied proper payment of the overtime wages at the proper rate of pay. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**Class Allegations under IMWL**

23. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law (IMWL) 820 ILCS 105, as individual and class action. The IMWL Class is defined as all current, former and future employees of CCM that were paid an improper overtime rate of pay and/or had the following specific pay violations

    a. Defendants failed to include bonuses in the Class calculation of overtime wages/regular rate for overtime hours paid.

24. Plaintiff's IMWL Class includes claims due for three (3) years prior to the filling of this complaint and until a judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the IMWL Class).

25. Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class and/or all properly salaried employees of Defendant.

26. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period the Defendant employed more than 100 employees. The numerosity is also demonstrated by the DEFENDANT having a work force of more than 100 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially.

27. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

   a. whether the Defendant employed Plaintiff and the Class within the meaning of the IMWL.

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

   c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL

   d. whether Defendant engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation and/or earned bonuses;

28. **Typicality**: The claims of Representative Plaintiff is typical of the IMWL Class.

29. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the IMWL Class.

30. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against corporate Defendant like Defendant.

31. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendants.

33. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34. IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

35. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

37. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## STATEMENT OF FACTS

**A.     CCM policies and procedures and Compensation Practices fail to pay proper overtime rate of pay**

38.  Plaintiff was employed by CCM as an employee of the Defendant and Plaintiff worked beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

### FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY

39.  Plaintiff, Kimberly Guimon, worked as an hourly non-exempt employee of Defendant CCM.

40.  Plaintiff, Kimberly Guimon, worked as in a position titled "Senior Loan Processer" for Defendant CCM.

41.  Defendant has employed 100s of Senior Loan Processers in the last three years.

42.  Plaintiff was hired by CCM in the summer of 2020.

43.  Plaintiff was promised an hourly rate of $25.97 per hour plus commissions.

44.  Plaintiff was promised commissions for processing of loans based on a strictly mathematical formula: process X loans = Y commissions.

45.  There was no discretion in the calculation of commissions owed: determination of bonusses was simply math.

46.  Plaintiff began working for Defendant and received her first paychecks in August of 2020.

47.  Plaintiff worked over forty hours in a week almost immediately; within weeks of her first work day.

48. For hours over forty, (overtime) Plaintiff's overtime rate of pay should include all payments, compensation including commissions or bonuses.

49. This principal if found in DOL regulations including:

    a. The FLSA defines "regular rate of pay" to include "all remuneration for employment paid to, or on behalf of, the employee," excluding certain types of compensation provided in 29 U.S.C. § 207(e). Nondiscretionary bonuses count as "remuneration" that an employer must include in the regular rate of pay. *See* 29 U.S.C. § 207(e); WHD Opinion Letter FLSA2009-21, 2009 WL 649023, at *1 (Jan. 16, 2009); *see also* 29 U.S.C. § 207(e)(3) (permitting discretionary bonuses to be excluded from the regular rate). A bonus is nondiscretionary if it "is the result of collective bargaining." 29 C.F.R. § 778.211(c).

50. Thus Plaintiff's straight time rate was $25.97 and if no added commissions or compensation was received, the overtime rate would be $38.95 ($25.97 X 1.5 = $38.95).

51. However, as per the regulation above, IF there were added compensation that must be included in the overtime rate of pay.

52. Beginning around October of 2020 Plaintiff worked over forty hours, and earned non-discretionary bonuses.

53. In her first October 2020 check Plaintiff earned bonuses and those bonuses were included (consistent with the DOL regulations) in the overtime rate of pay paid to Plaintiff for her overtime hours.

54. In fact on October 2, 2020 Plaintiff paycheck reflected bonuses of $750.00, and Plaintiff's overtime rate incorporated this added compensation in the overtime

rate of pay; paying Plaintiff at a rate of $41.73. As Defendant CCM should have done.

55. Defendant CCM appears to have followed the regulations and wage laws consistent with this calculation of overtime rates incorporating the non-discretionary bonuses from August to December of 2020 for the Plaintiff's wage payments.

56. However, in January of 2021 Defendant CCM "renamed" the bonus, now calling the bonus "Discretionary".

57. Defendant renamed the bonus, but no other changes occurred regarding the bonus, the bonus was still determined strictly on a mathematical basis.

58. Defendant's renamed "discretionary" bonus was discretionary in name only, as there was no discretion other than in its name.

59. Defendant however did make another change. That added change is the basis of this litigation; as Defendant stopped including the bonus payment in the calculation of the Plaintiff (and Class) regular rate of pay.

60. Defendant CCM began to pay overtime hours strictly based on the straight time rate of pay and by NOT including the bonus for the Plaintiff and class in calculation of the overtime rate of pay.

61. This is illustrated by Plaintiff's January 22, 2021 paycheck where Plaintiff was paid 30.75 hours of overtime at an overtime rate of pay of $38.95, yet Plaintiff received $3,600 in a non-discretionary bonus (labeled "discretionary").

62. Plaintiff's proper rate of overtime pay should have included this $3,600, yet Defendants did not include this strictly based on the mis-labeling of the bonus as "Discretionary".

63. If Defendant included the $3,600 in the overtime rate calculation, the proper rate would have been $71.45 per overtime hour, shorting Plaintiff wages by $999.38 (30.75 overtime hours X $32.50 (bonus rate differential).

64. Defendant applied the exact same policy and procedure to all persons employed by CCM in the same job title; thus shorting the entire IMWL class by virtue of this policy and procedure.

65. Defendant CCM also continued to apply this policy and procedure of not including a non-discretionary bonus to all employees overtime rates of pay for overtime hours for the remaining 10-11 months of Plaintiff's employment.

66. Defendant also continued to apply the same policy and procedure to the IMWL class continuing for the whole of Plaintiff's employment and upon information and belief continues to do so today.

### CCM's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

67. CCM required and permitted Plaintiff, and the FLSA Collective, to work more than 40 hours in a week. CCM did not pay Plaintiff and the FLSA Collective the proper overtime rate for overtime hours.

68. CCM unlawful conduct has been uniform, widespread, repeated and consistent.

12

69. CCM's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

70. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

71. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
### Individual and Class Action Against Defendants
### Under the Illinois Minimum Wage Law "IMWL"

72. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

73. Plaintiff (and class) were employees of the Defendant pursuant to the IMWL.

74. Plaintiff and class were employed by CCM as employees.

75. It is and was at all relevant times, a policy of CCM to pay its employees at an improper overtime rate of pay.

76. It is a policy, procedure and job requirement of Defendant CCM its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

77. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

78. As a result of the foregoing, Plaintiff have been damaged in an amount to be determined at trial.

79. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

**On Behalf of Plaintiff and All Opt-In Employees
Against Defendant CCM
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

80. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

81. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

82. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

83. At all relevant times, Defendant CCM has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross

14

operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

84. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

85. At all relevant times, the work performed by employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

86. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

87. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiff and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

88. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

89. Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

90. Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

91. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

92. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

93. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, [29 U.S.C.A. § 206](29 U.S.C.A. § 206), [9](9) FCA [title 29, § 206](title 29, § 206), provides that every employer shall pay to each employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

16

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the IWML and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendant and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

B. That, at the earliest possible time, the Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 <u>et</u> <u>seq</u>. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

17

C. Unpaid regular wages, and overtime wages pursuant to the IMWL, including treble damages and 5% penalties per month;

D. Compensation originating from CCM company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Certification of this case as a Collective action;

G. Designation of the Plaintiff as representative of the Collective, and counsel of record as Collective;

H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

K. Consequential damages;

L. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

M. and costs of this action; and

N. Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demandw a trial by jury on all questions of fact raised by the Complaint.

Dated: January 3, 2023

Respectfully submitted,

By:     -S-John C. Ireland
    John C. Ireland

Attorney for the Plaintiff, Class and FLSA Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889      attorneyireland@gmail.com